IN THE UNITED STATES DISTRICT COURT FOR AUGUSTA DIV.
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2011 MAY 27 PM 3:10
CLERK _____
SO. DIST. OF GA.

RICKY MARCUS CURRY          *
                            *
     Petitioner,            *
                            *
     v.                     *     CV 103-135
                            *     (underlying CR 197-025)
UNITED STATES OF AMERICA,   *
                            *
     Respondent.            *

---

## O R D E R

---

Presently before the Court in this case brought pursuant
to 28 U.S.C. § 2255 is Petitioner Ricky Marcus Curry's motion
for relief under Federal Rule of Civil Procedure 60(b). Upon
this Court's adoption of the United States Magistrate Judge's
Report and Recommendation, Curry's § 2255 petition was denied,
judgment was entered in favor of Respondent, and the case was
closed on May 23, 2005.

One of the grounds for relief urged by Curry in his §
2255 petition was ineffective assistance of trial counsel in
that his counsel had allegedly failed to warn Curry that he
would be considered a career offender for purposes of
sentencing. The Magistrate Judge pointed out, and this Court
agreed, that Curry's career offender status had no material
effect on his actual sentence because his base offense level
and sentence enhancements garnered a life sentence for Curry.

(See Doc. No. 313, at 15-16.) Despite this holding, Curry once again attacks his career offender status.

Through the instant Rule 60(b) motion, Curry contends that his life sentence is "fundamentally defective" in light of the United States Supreme Court's recent decision in Johnson v. United States, 130 S. Ct. 1265 (2010). According to Curry, the Johnson decision establishes that one of his prior convictions was not a "violent felony"; thus, Curry contends that he is "actually innocent" of his career offender status.

The Government opposes Curry's motion based upon the second or successive petition rule of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). More specifically, 28 U.S.C. § 2255(h) provides that a "second or successive" claim for § 2255 relief may not be entertained by a federal district court without prior approval of the Circuit Court of Appeals. See 28 U.S.C. §§ 2255(h), 2244(b)(3). Thus, this Court is called upon to determine whether Curry's present motion for relief from this Court's judgment is a true Rule 60(b) motion or a second or successive petition that must be dismissed.

The United States Supreme Court addressed this same issue in the context of a state prisoner's habeas corpus case brought to 28 U.S.C. § 2254. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Court held that a habeas petitioner could not

use a Rule 60(b) motion to impermissibly circumvent the preclusion against second or successive § 2254 motions. Rather, a Rule 60(b) motion is only proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. The Court explained that "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . . When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

The Eleventh Circuit has recently and expressly held that the standard announced in Gonzalez applies to federal prisoner cases brought pursuant to 28 U.S.C. § 2255. See Gilbert v. United States, --- F.3d ---, 2011 WL 1885674, **28-29 (11th Cir. May 19, 2011).[1] In Gilbert, a § 2255 petitioner, Ezell Gilbert, had similarly moved under Rule 60(b)(5) and (6) to

---

[1] Of note, prior to the Gonzalez decision, the Eleventh Circuit had already held that AEDPA's successive petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

reopen and reconsider his habeas petition because, in his view, the intervening Eleventh Circuit decision of <u>United States v. Archer</u>, 531 F.3d 1347 (11th Cir. 2008), had invalidated the application of the career offender enhancement to his sentencing guideline range.[2] In addressing whether Rule 60(b) could be used to grant Gilbert relief, the Eleventh Circuit concluded that it could not because Gilbert sought "to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case." <u>Gilbert</u>, --- F.3d ---, 2011 WL 1885674, **28-29. Thus, Gilbert's Rule 60(b) motion for relief from judgment in his § 2255 case based upon intervening case law arguably affecting his career offender status was equivalent to a second or successive motion and barred by § 2255(h). <u>Id.</u>

In the instant case, Curry recognizes the <u>Gonzalez</u> standard of determining whether a Rule 60(b) motion is properly addressed in the context of a § 2255 case. He contends, however, that his motion attacks a defect in this § 2255 proceeding and asks that the Court "allow him the

---

² More specifically, the Eleventh Circuit held in <u>Archer</u> that carrying a concealed firearm was not a "crime of violence" for purposes of the career offender enhancement. 531 F.3d at 1352 (citing to and relying upon <u>Begay v. United States</u>, 553 U.S. 137 (2008), which held that the offense of driving under the influence was not a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii)).

opportunity to amend his original 2255 motion to better frame and challenge the unlawful sentence." (Pet.'s Mot. at 6.) Curry's contention notwithstanding, his Rule 60(b) motion, just as the petitioner in the _Gilbert_ case, is a substantive attack on his sentence. Curry seeks to amend his petition to add a *new ground* to attack his sentence based upon a purported change in the substantive law. Accordingly, the present motion is precluded from consideration by the second or successive rule of § 2255(h).

Upon the foregoing, this Court lacks jurisdiction to consider Curry's present motion because it is a second or successive motion under § 2255. See _Hill v. Hopper_, 112 F.3d 1088, 1089 (11th Cir. 1997). As such, Curry must obtain an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the motion. 28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, the motion for reconsideration (doc. no. 343) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE